Joyce W. Lindauer
State Bar No. 21555700
Jeffery M. Veteto
State Bar No. 24098548
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Alleged Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 7** |
| | § | |
| **WALL012 LLC,** | § | **Case No. 20-31136-hdh7** |
| | § | **(Jointly Administered)** |
| **Alleged Debtor.** | § | |

# SECOND MOTION OF ALLEGED DEBTOR TO DISMISS INVOLUNTARY PETITION WITHOUT PREJUDICE FOR PROCEDURAL DEFICIENCIES

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

WALL012 LLC, the Alleged Debtor in the above-captioned proceedings (the "**Alleged Debtor**"), by and through its undersigned counsel, hereby files its second motion for dismissal, for procedural deficiencies, of the involuntary petition [Case No. 20-31136-hdh7, Docket No. 1] (the "**Involuntary Petition**") filed against it by Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, and Ying Zhang (collectively, the "**Petitioners**") on April 8, 2020 (the "**Involuntary Petition Date**") and now jointly administered with six other involuntary petitions under Case No. 20-31131-hdh7, Docket No. 1 (the "**Involuntary Case**").

1. The Alleged Debtor requests dismissal of this Involuntary Case for the procedural defects and deficiencies identified herein. The Alleged Debtor asserts such issues erode the foundationally validity of this involuntary proceeding under the FEDERAL RULES OF BANKRUPTCY

PROCEDURE and the LOCAL BANKRUPTCY RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS.

## I. ATTORNEY APPEARANCES

2. Pursuant to L.B.R. 2090-3(a)-(b), an attorney who is not admitted to practice before this Court "may represent a party in proceedings in this court only by permission of the Presiding Judge" and "shall apply for admission *pro hac vice*[.]"Counsel for the Petitioning Creditors is not admitted to practice in the Northern District of Texas. No application for admission *pro hac vice* has been filed in this matter. Nothing on the record indicates that this Court has given an *ex parte* waiver of such requirements for Counsel for the Petitioning Creditors.

3. Pursuant to L.B.R. 2090-3(a), "Local Counsel is required in all cases where an attorney appearing in a case does not reside or maintain an office in this district" and "attorneys desiring to proceed without Local Counsel must obtain leave from the Presiding Judge." Under the Local Rule, Counsel for the Petitioning Creditors would be subject to the Local Counsel requirement. No Local Counsel appeared with Counsel for the Petitioning Creditors at the time of the filing of the Involuntary Petition. No Local Counsel has appeared with Counsel for the Petitioning Creditors. No request for leave as to L.B.R. 2090-3(a) has been filed in this matter. Nothing on the record indicates that this Court given an *ex parte* waiver of such requirements for Counsel for the Petitioning Creditors.

## II. SCHEDULING ORDER NON-COMPLIANCE

4. Pursuant to the Standing Scheduling Order Regarding Involuntary Cases [Docket No. 3] ("Scheduling Order"), "[t]he Petitioning Creditor(s) [are] responsible to ensure proper notice and shall serve the following on the Alleged Debtor(s): 1) a copy of this **ORDER**; 2) a fully completed **SUMMONS TO DEBTOR IN INVOLUNTARY CASE** form; and 3) a copy of the **PETITION**." (emphasis in original). On April 20, 2020, Petitioning Creditors filed their

Certificate of Service [Docket No. 9], stating that they only "served a copy of the within summons, together with the complaint filed in this proceeding on the alleged debtor in this case[.]" Petitioning Creditors failed to comply with the Scheduling Order by omitting the same from their service – as certified – on the Alleged Debtor.

## III. DEPRIVATION OF DUE PROCESS RIGHTS

5. On April 16, 2020, Petitioning Creditors allegedly caused to be served their Motion of the Petitioning Creditors for Entry of an Order Directing Joint Administration of Related Chapter 7 Cases [Docket No. 4] and Motion for Expedited Consideration of the Petitioning Creditors' Motion for Entry of an Order Directing Joint Administration of Related Chapter 7 Cases [Docket No. 5]("Joint Administration Motions") on Alleged Debtor via "regular first class mail." On April 17, 2020, Petitioning Creditors allegedly caused to be served their Notice of Hearing for Motion for Entry of an Order Directing Joint Administration of Related Chapter 7 Cases [Docket No. 7] on Alleged Debtor "via FedEx" wherein the deadline to respond was set five (5) days later.

6. In filing its Joint Administration Motions, Petitioning Creditors alleged an urgent need for the court to hear the same before May 1, 2020 on the summary basis "to save time and expense" without addressing the facts that (i) no alleged debtor had appeared in any of the involuntary cases; and (ii) responsive pleadings had still not come due.

7. Alleged Debtor having not appeared, coupled with the short deadline and manner of service, effectively deprived the Alleged Debtor of its opportunity to respond to the Joint Administration Motions or appear for hearing on the same.

## IV. CANDOR TO THE COURT

8. To the extent there are not valid explanations to the above, Alleged Debtor asserts that the presentation at hearing on the Motion of the Petitioning Creditors for Entry of an Order

Directing Joint Administration of Related Chapter 7 Cases [Docket No. 4] lacked candor to the Court through the silence on the issues of attorney admission and service.

## V. NON-COMPLIANCE WITH PETITION SIGNATURE REQUIREMENTS

9. Pursuant to General Order 2020-07 (Temporarily Suspending "Wet Signature" Requirement), the United States Bankruptcy Courts for the Northern District of Texas temporarily authorized the utilization of "a commercially available electronic signing technology, such as DocuSign, that maintains an audit trail and other security features to ascertain the authentic identity of the signer" on the filing of petitions, under the express condition that the filing attorney "must file a certification within thirty (30) days of filing an electronically signed document that he or she has now received the [ ] original 'wet signature' and will maintain it in accordance with Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts." The Involuntary Petition and all Declarations of the Petitioning Creditors attached thereto are electronically signed. Based on the filing date of April 8, 2020, the deadline for the attorney certification of receipt and maintenance of "wet signatures" was May 8, 2020. No such attorney certification has been filed. A reason this issue is being raised here is that there has been a pattern by the co-lenders not to provide needed personal and financial information which is a major reason why the Alleged Debtors could not respond to their payment concerns.

WHEREFORE, PREMISES CONSIDERED, the Alleged Debtor prays for an order from the Court granting this Motion and (i) dismissing this Involuntary Case under 11 U.S.C. § 305(a); and (ii) granting such other and further relief to which the Alleged Debtor may show itself entitled at law or in equity.

Dated: May 14, 2020.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Jeffery M. Veteto
State Bar No. 24098548
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Alleged Debtor

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 14, 2020, a true and correct copy of the foregoing document was served upon all parties that are registered to receive electronic service through the court's ECF notice system in the above case.

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer